JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MARIE DELGADO, on behalf of herself and current and former aggrieved employees,<br><br>         Plaintiff,<br>v.<br><br>LAKIN TIRE WEST, LLC, and DOES 1 to 100, inclusive,<br><br>         Defendants. | Case No.: 2:24-cv-10595-CBM-JC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND; DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

The matters before the Court are Plaintiff's Motion to Remand (Dkt. No. 23) and Defendant Lakin Tire West, LLC ("Lakin")'s Motion for Judgment on the Pleadings (Dkt. No. 13).

**I.     BACKGROUND**

This is a wage-and-hour employment action filed by Plaintiff against Defendant Lakin Tire West, LLC and Does 1 to 100, bringing one cause of action under the Private Attorneys General Act of 2004 ("PAGA") on behalf of herself and other aggrieved employees.[1]  (Dkt. No. 1.)  Plaintiff filed her complaint in Los

---

[1] The underlying Labor Code violations of Plaintiff's PAGA claims are for failure to pay minimum wage, failure to pay overtime wages, failure to provide meal and

1

1  Angeles Superior Court on August 13, 2024.  On November 21, 2024, Lakin filed an answer.  On December 9, 2024, Defendant removed the case to this Court on the grounds that Plaintiff's claim is preempted by section 301 of the Labor Management Relations Act ("LMRA") because Plaintiff brings her PAGA claim on behalf of aggrieved employees who were party to certain collective bargaining agreements ("CBAs") with Lakin. (*Id.*)  On January 17, 2025, Defendant filed a motion for judgment on the pleadings.  (Dkt. No. 13.)  On February 19, 2025, Plaintiff filed a motion to remand.  (Dkt. No. 23.)  Both parties have filed oppositions and replies in connection with the two motions.

## II. DISCUSSION

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing Caterpillar, 482 U.S. at 392).  However, complete preemption is "an exception to the well-pleaded complaint rule." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2020) (citing *City of Oakland*, 969 F.3d at 905).  Moreover, an exception to the well-pleaded complaint rule exists for a small category of state law claims which "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*

---

rest periods, failure to timely pay wages, secret payment of lower wages, failure to provide complete and accurate wage statements, and failure to pay all wages due upon termination. (Compl., ¶¶ 12-38.)

2

*Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also City of Oakland*, 969 F.3d at 904. There is a "strong presumption against removal jurisdiction," and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit follows a two-step test articulated in *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007) to determine whether a cause of action is preempted by section 301 of the LMRA. In the first step, "we ask whether the asserted cause of action involves a right that exists solely as a result of the CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (internal quotations and brackets omitted). "The essential inquiry is this: Does the claim seek purely to vindicate a right or duty created by the CBA itself?" *Id*. (internal quotations and brackets omitted). If the claim is not preempted at step one, courts move to step two and ask "whether a plaintiff's state law right is substantially dependent on analysis of the CBA, which turns on whether the claim cannot be resolved by simply 'looking to' versus 'interpreting' the CBA." *Id*. at 1153 (internal quotations and brackets omitted).

Plaintiff argues that the case should be remanded because LMRA preemption does not apply to her PAGA claim, as she herself was "never subject to any collective bargaining agreement." (Dkt. No. 23 at 11.) Defendant argues that this Court has subject matter jurisdiction over the PAGA claim even if Plaintiff herself is not a union member or covered under a CBA. (Dkt. No. 25 at 4–5.) "Federal district courts are split on whether federal subject matter jurisdiction exists when a plaintiff's individual PAGA claim is not preempted, but the non-individual PAGA claims on behalf of other aggrieved employees are preempted." *Shwiyhat v. Martin Marietta Materials, Inc.*, 2023 WL 6626129, at *3 (N.D. Cal. Oct. 10, 2023). In *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, the plaintiff was a licensed

3

vocational nurse who brought a suit for one cause of action under PAGA for violations of the Labor Code. 2022 WL 707206, at *1 (C.D. Cal. Mar. 8, 2022). As with all PAGA suits, plaintiff brought her claim "on behalf of herself, the Labor Workforce Development Agency ("LWDA"), and Aggrieved Employees." *Id*. (internal quotations omitted). The defendants removed the action from state court to this district on the grounds that plaintiff's overtime and sick pay claims were preempted under the LMRA. The court ruled that because the plaintiff filed suit "on behalf of employees covered by a qualifying CBA, her own lack of CBA coverage is not a defense to preemption under *Curtis*." *Id*. at *4. Other courts have followed the reasoning in *Braswell*. *See Huerta v. Doubletree Emp. LLC*, 2024 WL 890548, at *3 (C.D. Cal. Mar. 1, 2024); *Shwiyhat*, 2023 WL 6626129 at *4; *Rodriguez v. USF Reddaway Inc.*, 2022 WL 18012518, at *3 (E.D. Cal. Dec. 30, 2022).

In contrast, the court in *Rivera v AHMC Healthcare, Inc.* reached the opposite conclusion. There, the plaintiff also brought one claim under PAGA for Labor Code violations. The court first found that because plaintiff was not covered by the CBA that the defendants contended met the requirements of section 514, her "own overtime claim [was] therefore not displaced by [the qualifying CBA]." 2022 WL 716094, at *2 (C.D. Cal. Mar. 10, 2022). The court then noted that defendants' argument that the PAGA claim was "nevertheless preempted because [plaintiff] asserts her claim on behalf of [other] employees, and some of *their* claims are displaced by [the qualifying CBA]" was unsupported by case law. *Id*. at *3 ("Defendants point to no case providing for section 301 preemption where the plaintiff was not actually covered by the CBA in question"). Ultimately, because defendants had "not persuasively shown that [their] conception of PAGA is the correct one," and "[w]here there is doubt as to removability, it is resolved against removal," the court found the PAGA claim was not preempted and remanded the case to state court. *Id*. The court also reasoned that defendants' "conception of

4

PAGA would lead to anomalous results," and that because "complete preemption under section 301 is intended to promote uniformity and consistency in the interpretation of [CBAs]," the "policy underlying preemption would not be served by exercising jurisdiction in this case" since Plaintiff's own claim would not require the court to interpret a CBA.[2] *Id*. Other courts have agreed with *Rivera* instead of *Braswell*. *See Stoddart v. Heavy Metal Iron, Inc.*, 2023 WL 2524313, at *4 (E.D. Cal. Mar. 15, 2023) (finding *Rivera* persuasive and declining to follow *Braswell* and *Rodriguez* because "their logic is at odds with the nature of the PAGA statute," which "does not create any substantive rights nor does it impose any legal obligations" and therefore, subject matter jurisdiction depends on whether the court has jurisdiction over the underlying predicate Labor Code violations); *Dominguez v. Leprino Foods Co.*, 2023 WL 7104801, at *3 (E.D. Cal. Oct. 27, 2023) (concluding same); *Cranton v. Grossmont Hosp. Corp.*, 2022 WL 16572028, at *6 (S.D. Cal. Nov. 1, 2022) (noting that *Braswell* may have "misconstrued and misapplied the relevant law" and finding it unpersuasive).

The Court finds the *Rivera* line of cases persuasive. Here, Plaintiff does not appear to be covered by any CBA, and Defendant does not dispute this. PAGA does not create any substantive rights—therefore, subject matter jurisdiction over Plaintiff's PAGA claim depends on the underlying predicate Labor Code violations. Because Plaintiff is not covered by a CBA, her rights exist in state law independent of any CBA—therefore, her claim is not preempted at step one of the *Burnside* analysis. Resolving Plaintiff's claim would not involve interpretation of a CBA— therefore, her claim is not preempted at step two of the *Burnside* analysis.

---

[2] The *Rivera* court also noted that "[a]lthough the California Supreme Court has described a PAGA suit as one 'on behalf of all affected employees,' in the same order the Court described a PAGA action as one 'designed primarily to benefit the general public'"—therefore, the *Rivera* court found defendants' conception of PAGA as "the aggregation of employees' individual claims" unpersuasive. *Id*. at *3 (discussing *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 87, 81 (2020)).

5

Moreover, any ambiguity over subject matter jurisdiction must be resolved "in favor of remand to state court." *Philip Morris*, 582 F.3d at 1042. Defendant cites no binding authority holding that PAGA claims brought by plaintiffs who were not covered by a CBA are preempted by the LMRA on the account of *other* aggrieved employees' union member status.

### III.  CONCLUSION

Accordingly, Plaintiff's Motion to Remand is **GRANTED**. Because the Court lacks subject matter jurisdiction over Plaintiff's claim, Defendant's Motion for Judgment on the Pleadings is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: April 9, 2025

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE